## Ex Parte Cirino Et Al.

### Petition for a writ of Habeas Corpus.

No. 7.—Decided April 9, 1903.

Habeas Corpus—Final Judgment.—A petition for a writ of habeas corpus can not be granted for the discharge of a prisoner confined by virtue of an order issued upon final judgment by a court of competent criminal jurisdiction.

### STATEMENT OF THE CASE.

The petitioners Severo Cirino and Canuto Díaz set forth in their petition that on October 19, 1902, they were sen-

dos por el Juzgado de Paz de Catedral, en San Juan, á 90 días de prisión y cuarenta y cinco dollars de multa, por turbar la paz pública, y á 30 días de arresto, por portar armas prohibidas.  Que no hallándose conformes con tal sentencia apelaron á la Corte de Distrito de San Juan, en uso del derecho que la Ley les concede, apelación que fué admitida por el Juez á su satisfacción y con arreglo á la ley, según providencia dictada por el mismo.  Que después de cinco meses, el dia 9 de Marzo de 1903, fué devuelta la apelación por la Corte de Distrito y mandada hacer firme la sentencia dictada por el Juez de Paz por no tener los requisitos que manda el artículo 48 de la Ley de Enjuiciamiento Criminal vigente.  Que con tal motivo fueron reducidos á prisión por el Juez de Paz para cumplir la sentencia dictada, sin que se les concediera el derecho de ser oidos por el Tribunal Superior, lo que perjudica gravemente á los acusados y constituye una violación de los respetos que merece la justicia pública. Que por virtud de esos hechos y estimando que la prisión que sufren es ilegal, solicitan se dicte auto de Habeas Corpus y prévios los trámites legales se decrete su excarcelación.

Abogado de los peticionarios: *Sr. Tizol.*

Abogado del Pueblo:  *Sr. del Toro*, (Fiscal).

### Opinión del Tribunal.

Habiéndose presentado en debida forma, oida y considerada por el Tribunal la presente solicitud, y no habiéndose demostrado motivo por el que debiera ponerse en libertad á los presos que se hallan detenidos en virtud de auto expedido bajo una sentencia firme, dictada por un Tribunal de competente jurisdicción criminal, se deniega la solicitud de Habeas Corpus, y vuelvan los presos á la custodia del Alcaide de la Cárcel de San Juan; y se condena á los mismos al pago de las costas de este procedimiento.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández Sulzbacher y MacLeary.

Juez disidente: *Sr. Figueras.*

tenced by the Justice of the Peace of "Catedral" to imprisonment for a term of ninety days and the payment of a fine of forty-five dollars, for disturbing the peace,. and to imprisonment for a term of thirty days for carrying deadly weapons. That not being satisfied with this judgment and availing themselves of the right allowed them by the law, they took an appeal to the District Court of San Juan, which appeal was allowed by said Justice in accordance with the law, and an order to that effect was issued by him. On March 9, 1903, after the lapse of five months, the appeal was returned by the District Court and the judgment delivered by the Justice of the Peace ordered to be made final, because the requisites prescribed by Section 48 of the Code of Criminal Procedure in force had not been complied with. That accordingly they were recommitted to prison by the Justice of the Peace to serve the sentence rendered, without being allowed the right to be heard by the higher court, whereby a grievous injury has been done to the defendants, constituting a breach of that regard which is due to public justice. That on the strength of these facts, and believing that their imprisonment is.illegal, they pray that a writ of habeas corpus be issued and after the proper legal proceedings are had that they be discharged from imprisonment.

*Mr. Tizol*, for petitioners.

*Mr. del Toro*, Fiscal, for the People.

### Opinion of the Court.

This petition having been presented in due form, the same was heard and considered by the court. No reason having been shown for the discharge of the prisoners who are confined by virtue of an order issued upon final judgment delivered by a court of competent criminal jurisdiction, the petition for a writ of habeas corpus is refused, and the prisoners ordered to be remanded to the custody

*Opinión disidente del Juez Asociado Sr. Figueras.*

Resulta de las pruebas practicadas que el Juez de Paz de Catedral condenó á Severo Cirino y á Canuto Díaz á las penas de 90 días de arresto y á cuarenta y cinco dollars de multa á cada uno, por turbar la paz pública; y á 30 días de arresto por portar armas prohibidas; que esa sentencia se apeló en tiempo y se pidió que pasasen los autos á la Corte de Distrito; que el Juez admitió la apelación, aprobó la fianza que presentaron, les puso en libertad y les citó y emplazó para que comparecieran al Tribunal del Distrito de San Juan el 20 de Octubre del año anterior á usar de su derecho, si les conviniere; que comparecieron y, esto no obstante, en Marzo 9 del corriente año, es decir, á los cuatro meses y días, el Tribunal de Distrito, sólo porque cae entonces en la cuenta de que la fianza, aprobada ya por el Juez de Paz, no reune los requisitos que exige el artículo 48 de la Ley de Enjuiciamiento Criminal, desestimó la apelación, y devolvió los autos al Juzgado originario para el cumplimiento de la sentencia y efectivamente, se les redujo á prisión y por eso hoy ejercitan el derecho de Habeas Corpus. Supone el Juez que suscribe que la mayoría de los Jueces del Tribunal, al negar la solicitud de Habeas Corpus, se ha fundado en el número 2 del artículo 482 del Código de Enjuiciamiento Criminal, y por eso se habla en la resolución que precede de sentencia firme, dictada por un Tribunal de competente jurisdicción criminal; pero no se trata aquí de sentencia firme, sino que, por el contrario, está apelada y debió procederse antes á un nuevo juicio, según el último inciso del artículo 3 del Código de Enjuiciamiento Criminal y, es tan sagrado ese derecho, que aunque el procedimiento adolezca de algún error ó equivocación, no puede invalidarse á menos que real y efectivamente haya perjudicado al acusado, ó tienda á perjudicarlo, en cuanto á algún derecho sustancial, según el artículo 461 del Código citado, y en este caso sucede todo lo contrario, puesto que por un defecto de forma de la fianza que, si existe, pudo subsanarse, se priva á los peticionarios

of the warden of the San Juan Jail and the costs of these proceedings imposed upon the said prisoners.

Messrs. Chief Justice Quiñones, and Associate Justices Hernández, Sulzbacher and MacLeary, concurring.

Mr. Justice Figueras, dissenting.  .

*Dissenting Opinion of Mr. Justice Figueras.*

It appears from the evidence introduced that the Justice of the Peace of "Catedral" imposed upon Severo Cirino and Canuto Díaz the penalty of imprisonment for a term of ninety days and a fine of forty-five dollars, each, for disturbing the public peace, and of imprisonment for thirty days, for carrying deadly weapons; that notice of appeal from this judgment was filed in due time, and the record requested to be forwarded to the District Court; that the Justice allowed the appeal, approved the bond presented by the appellants, discharged them from custody, and summoned them to appear before the District Court of San Juan on the 20th day of October of last year, to assert their right, should they see fit to do so; that they did appear, and notwithstanding this, on March 9th, of the present year, that is to say, a little over four months afterwards, the District Court, simply because it then realized that the bond, already approved by the Justice of the Peace, did not meet the requirements prescribed by Section 48 of the Code of Criminal Procedure, dismissed the appeal and returned the record to the trial court in order that the judgment might be complied with, the petitioners being accordingly remanded to jail, for which reason they avail themselves of the remedy of a petition for a writ of habeas corpus. The undersigned justice presumes that in refusing to grant the writ of habeas corpus applied for, the majority of the court bases its action upon paragraph 2 of section 482 of the Code of Criminal Procedure, this being why in the foregoing decision reference is made to a final judgment

del derecho sustancial de ser oidos en el correspondiente juicio, y de todos los demás que les concede el artículo 6 de la enmienda de la Constitución de los Estados Unidos, que también se ha infringido por la Corte de Distrito.

Al pensar así el Juez que disiente, no trata de resolver, por modo indirecto, la apelación pendiente, ni es su propósito discutir la competencia del Tribunal, pues la tuvo de modo indudable para sustanciar legalmente y resolver la apelación; pero nunca, bajo el pretexto de un defecto de forma de la fianza, pudo prescindir de la ley citada y de la Constitución, pues si éstas se hubieran acatado y aplicado, quizás hubiera llegado ese mismo Tribunal, á la conclusión de que esos que hoy están privados de su libertad son inocentes. Reconocida en esa forma la competencia, sostengo que la providencia de 9 de Marzo último, dictada por la Corte de Distrito, es necesariamente injusta, y no puede sostenerse fundándose en que se ha dado por un Tribunal de competente jurisdicción criminal. A estas consideraciones me lleva con más entusiasmo la circunstancia de que contra la resolución ordenando el nuevo arresto, no cabe recurso que, de modo directo y rápido, devuelva á los prisioneros la libertad personal, derecho sagrado, que después del de la vida, es el más apreciable de un ciudadano. Hemos visto que según el artículo 3 del Código de Enjuiciamiento Criminal, y la Constitución de los Estados Unidos, tenían derecho los acusados, en virtud de la apelación, á un nuevo juicio, y en la causa de West vs. State I Wis, 209 dice la Corte, entre otras cosas, que "el derecho al procedimiento forzoso, asegurado por tan respetables disposiciones, no puede desaparecer por decretos legislativos ni debe ser obstruido por ninguna interpretación judicial." Si la Corte de Distrito, después del procedimiento legal, hubiese confirmado la sentencia del Juez de Paz, y los reos, cumpliendo ya la condena, solicitasen el auto de Habeas Corpus para obtener su libertad, entonces el que suscribe hubiera aceptado el criterio sustentado por la mayoría, porque entonces sí que se trataba

of a competent court of criminal jurisdiction. But a final judgment is not under consideration herein. On the contrary, the judgment has been appealed from and the case should have been tried "de novo", according to the closing provision of section 3 of the Code of Criminal Procedure. So sacred is this right, that although there has been an error or mistake in the proceedings, this can not invalidate them, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right, according to section 461 of aforesaid code, and here the contrary is the case, inasmuch as, through a defect in the form of the bond which, if existing, could be corrected, the petitioners are deprived of their substantial right to be heard at the proper trial, and all the other rights guaranteed by the VI Amendment to the Constitution of the United States, which has also been violated by the District Court.

While entertaining this opinion the dissenting Justice does not propose to decide the pending appeal in an indirect manner, nor is it his purpose to question the jurisdiction of the court, for it most undoubtedly had jurisdiction legally to hear and determine the appeal, but in no case, under the pretext of a defect in the form of the bond, could it ignore the aforesaid law and the Constitution, for had these been respected and applied, perhaps this same court would have concluded that the persons now deprived of their liberty, are innocent. While thus recognizing its jurisdiction, I maintain that the order of March 9th, last, issued by the District Court, is necessarily unjust and can not be sustained on the ground that it was rendered by a court of competent criminal jurisdiction. To these considerations I am led especially by the circumstance that from the decision ordering the recommitment to prison no appeal is available which may directly and promptly restore to the prisoners their personal liberty, a sacred right, which after that to life, is the one most precious to the citizen. We have seen that according to section 3 of the Code of Crimi-

de una sentencia firme dictada por un Tribunal de competente jurisdicción criminal; pero no es este el caso, y, valiéndome de las frases de una sentencia dictada por la Corte Suprema de uno de los Estados, creo que nuestro deber "es hacer ó asegurar justicia sustancial á las partes en todas circunstancias." En mérito de las razones expuestas, y fundado en el artículo 481 del Código de Enjuiciamiento Criminal, toda vez que de las pruebas no resulta causa legal, por ahora, para la prisión de Severo Cirino y Canuto Díaz, soy de opinión que es procedente la solicitud de Habeas Corpus, y por consiguiente que debe ponérseles inmediatamente en libertad, y el Fiscal, si lo juzga oportuno, cuidará de que se cumpla la ley para que no quede esta causa sin resolución definitiva, dictada en forma legal.

---

## MOLLFULLEDA *v.* RAMOS.

CASACIÓN procedente de la Corte de Distrito de San Juan.

No. 54.—Resuelto en Abril 13, 1903.

DOCUMENTOS PÚBLICOS.—Hacen prueba los documentos públicos cuya autenticidad no haya sido impugnada expresamente por la parte á quien perjudiquen.

ALBACEAS. — Los albaceas testamentarios tienen todas las facultades que expresamente les haya conferido el testador y no sean contrarias á las leyes.

### EXPOSICIÓN DEL CASO.

*Resultando:* que en 26 de Agosto de 1890, Don Ramón Mollfulleda, en representación de sus hijas naturales reconocidas Doña Margarita, Doña Teresa, Doña Ramona, Doña Paula, Doña Gregoria y Doña Carmen Mollfulleda y Osorio,

nal Procedure, and the Constitution of the United States, the defendants were entitled to a new trial by virtue of the appeal, and in the case of *West* v. *State*, 1 Wisconsin 209, the court, among other things, states that "the right to the proceeding, secured by such high authority can not be denied by legislative enactment, nor should it be obstructed by any judicial interpretation". If the District Court, after the legal proceeding, had affirmed the judgment of the Justice of the Peace, and the prisoners, after they had commenced to serve their sentences, had applied for the writ of habeas corpus in order to obtain their liberty, then the undersigned would have accepted the opinion entertained by the majority, because then it would have been a question of a final judgment rendered by a court of competent criminal jurisdiction, but this is not the case here, and making use of the words of a judgment rendered by the Supreme Court of one of the States, I believe it to be our duty "to do or to secure substantial justice to the parties under all circumstances". In view of the foregoing reasons, and section 481 of the Code of Criminal Procedure, inasmuch as from the evidence no legal cause is shown at present for the imprisonment of Severo Cirino and Canuto Díaz, I am of opinion that the application for the writ of habeas corpus should be granted, and the prisoners should accordingly be discharged from custody forthwith, and the Fiscal, if he deem it advisable, will see that the law is complied with, so that this case may not be left without a final decision, rendered in a legal manner.